UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| VERNON ALVIN WILSON, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 12-91-KKC |
| ) | |
| vs. ) | |
| ) | |
| DR. CODD, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Plaintiff Vernon Alvin Wilson, Jr. is a prisoner incarcerated at the Fayette County Detention Center in Lexington, Kentucky. Wilson, proceeding without an attorney, has filed a complaint [R. 4] and a motion to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b). [R. 1] The Court has granted Wilson's fee motion by separate order.

The Court will conduct a preliminary review of Wilson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

In his complaint, Wilson alleges that on March 6, 2012, he was called to see Dr. Codd at the detention center. When he arrived, Dr. Codd told him that his blood tests indicated that Wilson had

contracted hepatitis C, and that he had suffered liver damage as a result. Wilson complains that Dr. Codd told him this in the presence of another inmate without making any effort to maintain the confidentiality of his medical information. [R. 4 at 2] Wilson contends Dr. Codd's actions violated unidentified international treaties and "federal common law," but specifically mentions HIPAA, the Health Insurance Portability and Accountability Act of 1996.

Title II of HIPAA, codified at 42 U.S.C. § 1320a *et seq.*, was created to protect against the unauthorized disclosure of health records and information. *Gratton v. United Parcel Service, Inc.*, 2008 WL 4934056, at *4 (E.D.N.Y. 2008). However, only the Secretary of the Department of Health and Human Services may file suit to enforce its provisions. *Sneed v. Pan American Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010); *Bloch v. Pike*, 2010 WL 2606355, at *6 (E.D.N.Y. 2010). Private citizens have no standing to sue a covered entity for a violation of HIPAA. *Carpenter v. Phillips*, 419 F. App'x 658, 658 (7th Cir. 2011); *Rzayeva v. United States*, 492 F. Supp. 2d 60, 83 (D. Conn. 2007) ("HIPAA, which regulates the privacy of medical records, provides no private right of action, and enforcement of HIPAA is reserved exclusively to the Secretary of Health and Human Services.") The Court will therefore dismiss Wilson's HIPAA claim with prejudice.

Wilson also suggests that Dr. Codd's actions may have violated some unidentified international treaty or "federal common law." Because Wilson has made no effort to identify or describe these claims with any specificity or particularity, the Court will not endeavor to guess at what such claims might be. *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("No doubt, we expect less of *pro se* litigants than we do of counseled litigants - and appropriately so. But those modest expectations are not non-existent. '[P]ro se parties must still brief the issues advanced with some effort at developed argumentation.'"); *Superior Kitchen Designs, Inc. v. Valspar Indus.*

*(U.S.A.), Inc.*, 263 F.Supp.2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged."); *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989) ("[a] district court need not scour the record to make the case of a party who does nothing."). The Court will therefore dismiss any such other claims without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Wilson's claim under HIPAA [R. 4] is **DISMISSED WITH PREJUDICE**; the remaining claims in the complaint are **DISMISSED WITHOUT PREJUDICE.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Dated this 25th day of April, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge